UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET MAZUR and
MICHAEL MAZUR,

        Plaintiffs,

v.

WASHINGTON MUTUAL
BANK, F.A.,

        Defendant.
_____/

CIVIL ACTION NO. 09-13371

DISTRICT JUDGE JOHN FEIKENS

MAGISTRATE JUDGE DONALD A. SCHEER

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**:

I recommend that this case be remanded to the Wayne County Circuit Court, as J.P. Morgan Chase Bank, National Association had no standing to remove the action to this court. Should the court determine, however, that removal was proper, or that any defect was waived by Plaintiffs, I recommend that this case be dismissed as to J.P. Morgan Chase Bank, N.A. only.

**II.    REPORT**:

    **A.    Procedural History**

The Complaint in this action was originally filed by Plaintiffs in the Third Circuit Court for the State of Michigan, as Wayne County Circuit Court Case Number 09-016405, on July 29, 2009. The Complaint named only Washington Mutual Bank, F.A. ("WaMu") as Defendant. On August 26, 2009, J.P. Morgan Chase Bank, National Association ("Chase"), "as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A. (the 'savings bank') from the Federal Deposit Insurance

Corporation, acting as receiver for the savings bank . . .," filed a Notice of Removal with this Court. There is no evidence that Chase was a party to the state action.

On September 1, 2009, this case was referred to the magistrate judge for all pretrial matters. On September 2, 2009, Chase filed its Answer and Affirmative Defenses (Docket No. 4). Appearances of counsel were filed on behalf of Washington Mutual (only) on September 9, 2009 (Docket Nos. 5 and 6). A Scheduling Order issued on September 11, 2009, and Witness Lists were filed on October 23, 2009 (Defendant) and November 1, 2009 (Plaintiffs), respectively (Docket Nos. 8 and 9).

On February 2, 2010, Chase filed its Motion to Dismiss and/or for Summary Judgment on all of Plaintiffs' claims (Docket No. 10). The Motion was noticed for hearing on March 24, 2010.

On February 11, 2010, Plaintiffs filed their Response to Chase's Motion to Dismiss and/or for Summary Judgment (Docket No. 12). While Plaintiffs had not expressly objected to removal or moved for remand, their initial argument in response to Chase's Motion is that they did not sue Chase, but Washington Mutual, and that any agreement between Chase and the FDIC "is not relevant to Plaintiffs." (Docket No. 12, p. 5). In a Reply Brief (Docket No. 13) Chase responded that it was "an interested party to this litigation" because it purchased Plaintiffs' loan, but "not a proper party Defendant" because it did not assume liability to any borrower seeking monetary relief against WaMu (Docket No. 13, p. 1). The Motion to Dismiss and/or for Summary Judgment was brought on for hearing on March 24, 2010, and taken under advisement.

## B. Applicable Law and Standard of Review

Title 28 United States Code, §1441 provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1446 provides, in pertinent part, that:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations. Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true. <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007). The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action. The court should proceed on the assumption that all the allegations of the complaint are true. A well pleaded complaint may proceed even if it

appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations. Id.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. Id. at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. Id. At 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving

party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. Anderson, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find the plaintiff." Anderson, 477 U.S. at 252; see Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

C. **Factual History**

This case is based upon real estate mortgage transactions relating to property known as 37 Roslyn Road, Grosse Pointe Shores, Michigan 48236 (the "property"). Plaintiffs purchased the property in 1999 for approximately $800,000.00 (Docket No. 10, Exhibit D). They subsequently made improvements to the property, and their indebtedness to IndyMac Bank the original lender, rose to $985,340.73 (Docket No. 10, Exhibit E).

On October 13, 2006, Plaintiffs obtained a mortgage loan from Washington Mutual Bank ("WaMu"). The proceeds of the loan (together with funds derived from a home equity line of credit ("HELOC"), described below) were applied to (a) refinance Plaintiffs' existing loan, (b) discharge $85,176.00 of non-mortgage debt, and (c) provide Plaintiffs with a cash payout of $50,833.79 (Docket No. 10, Exhibit E). In connection with the October 13, 2006 loan, Plaintiff Janet Mazur executed an adjustable rate note (the "note"). Janet Mazur and her husband, Plaintiff Michael Mazur, executed a mortgage (the "mortgage") encumbering the property (Docket No. 10, Exhibits F and G). The mortgage was recorded on October 25, 2006 in Liber 45476, Page 1169, Wayne County Records.

On the same day that the note and mortgage were executed, Plaintiffs obtained a home equity line of credit (the "HELOC") from WaMu. Their credit limit was $124,876.00. Plaintiff Janet Mazur executed a fixed rate note, secured by a second mortgage (the "HELOC mortgage") on the property (Docket No. 10, Exhibits H and I). The HELOC mortgage was recorded on October 25, 2006 in Liber 45476, Page 1191, Wayne County Records.

D. **Analysis**

The process of removal of a state court action to federal court is governed by statute. It is well established that federal jurisdiction may be invoked by the process of removal only by a defendant. Chicago R.I. & P.R. Co. v. Stude, 346 U.S. 574 (1954). The right to removal is further restricted in that removal is proper only on the basis of claims brought against the moving defendants, and not on the basis of defenses asserted by them. Rennaissance Center Venture v. Lozovoj, 884 F.Supp. 1132, 1137 (E.D. Mich. 1995). Interveners may remove a state case to federal court, but only if: (a) they are properly aligned as defendants in the state action; and (b) the intervention precedes the removal. Village of Oakwood v. State Bank and Trust Co., 481 F.3d 364 (6th Cir. 2007).

In the instant case, Plaintiffs filed their Complaint in state court only against WaMu (Docket No. 1-2 Complaint). Chase filed its Notice of Removal to federal court in the capacity of the "real party in interest," based upon its purchase of loans and other assets of WaMu from the Federal Deposit Insurance Corporation. There is no evidence or allegation that Chase was at any time a Defendant in the state action. Indeed, in their response to Chase's Motion to Dismiss and/or for Summary Judgment, Plaintiffs have emphasized that they have made no claim against Chase.[1]

It is also well established that all Defendants in a state court action must consent to the removal of the case to federal court. I find no indication in Chase's Notice of Removal that WaMu, the only Defendant in the state case, has consented to removal. While Defendants over whom the state court has not acquired jurisdiction may be disregarded in

---

[1] Chase does, however, represent that it received service of process in the state case (Docket No. 1, Page 2).

a removal proceeding, there is no showing in this case that Washington Mutual was not properly served, or that the state court was otherwise without proper jurisdiction over it.

This court must strictly construe the Notice of Removal and resolve all doubts against removal. Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). "The party seeking removal bears the burden of establishing its right thereto." Id. (Citing Wilson v. Republic Iron and Steel Co., 257 U.S. 92, 97-98 (1921). This court has held that the failure to comply with the statutory provisions concerning removal generally constitutes an adequate ground for remand to state court. Shadley v. Miller, 733 F.Supp. 54 (E.D. Mich. 1990) (citing Nickerbocker v. Chrysler Corp., 728 F.Supp. 460, 462 (E.D. Mich. 1990).

> [A] Plaintiff may waive the right to object to a defendant's removal. For example, many courts have held that a plaintiff who fails to make a timely objection to defects in the removal procedure or to the propriety of the defendant's removal waives any objections, except the objection of lack of federal subject-matter jurisdiction. Any defect in removal that does not go to the subject-matter jurisdiction of the federal court is waiveable, and the federal court may retain any case within the federal court's jurisdiction if a procedural error escapes the plaintiff's timely objection.

Wright, Miller, Cooper and Steinman, Federal Practice and Procedure (Civil Fourth) Section 3721.

Certainly, a plaintiff waives a procedural defect in a removal when the case is tried to judgment in the federal court. Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 92 S.Ct. 1344 (1972); Morda v. Klein, 865 F.2d 782 (6th Cir. 1989). There is substantial case law supporting the proposition that substantial participation in federal litigation following a defective removal also constitutes a waiver. See Johnson v. Odeco Oil and Gas Co., 864

8

F.2d 40 (5th Cir. 1989); Wade v. Fireman's Fund Ins. Co., 716 F.Supp. 226 (M.D. LA. 1989); German v. State Farm Ins. Co., 696 F.Supp. 1051 (E.D. PA. 1988). In the case at bar, Plaintiffs have not filed a Petition for Remand, and have responded to Chase's dispositive Motion. Their Response, however, emphasizes the fact that they have made no claim against Chase. The absence of a claim against Chase in the state court is precisely the reason why remand would be appropriate. As between Plaintiffs and Chase, there is no pleaded case or controversy to be adjudicated. Accordingly, I view Plaintiffs' motion response as the functional equivalent of an objection to the removal of the case to this court.

Because Chase is not a true Defendant in the state court action which it seeks to remove, and because the consent of Washington Mutual, the only Defendant in the state case, has not been shown, I recommend that this case be remanded to the Wayne County Circuit Court. Should the court determine, however, that removal of this case was appropriate, or that Plaintiffs have waived any defect in the removal process, I recommend that Defendant's Motion to Dismiss be granted, as Plaintiffs admit that the Complaint states no claim against Chase.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>DONALD A. SCHEER<br>UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2010

___

### CERTIFICATE OF SERVICE

I hereby certify on August 5, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 5, 2010: **None.**

    s/Michael E. Lang  
    Deputy Clerk to  
    Magistrate Judge Donald A. Scheer  
    (313) 234-5217